IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TIMOTHY LEE STEWART, SR. and T.L.S.,

                    Plaintiffs,

    v.

JAMES R. ARNDT, ARNDT INVESTMENTS, LLC,
ALL JANE/JOHN DOE EMPLOYEES,
CHIEF PEARSON, CHIEF MOORE,
LT. MIKE BLASER, CITY OF JANESVILLE
NUISANCE TEAM, and ALL JANE/JOHN DOES,

                    Defendants.

OPINION and ORDER

23-cv-741-jdp

---

      Plaintiff Timothy Lee Stewart, Sr., appearing without counsel, alleges that his landlord, defendant James Arndt, filed false documents in a state court eviction proceeding and that members of the Janesville Police Department didn't intervene to stop a neighbor from harassing him. Stewart also moves to consolidate this case with others that he has filed in this court, Dkt. 3, and for preliminary injunctive relief, Dkt. 6. The court has allowed Stewart to proceed with this case without paying any portion of the filing fee. Dkt. 5.

      The next step in this case is for me to screen Stewart's complaint and dismiss any portion that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915. In doing so, I must accept his allegations as true and construe the complaint generously, holding it to a less stringent standard than formal pleadings drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). I will dismiss the case for Stewart's failure to state a claim that can be heard in this court. Because I am dismissing this case, the other motions are moot.

Stewart's allegations seem to concern two separate sets of events—one about his landlord's misconduct in state court proceedings and one about officers failing to protect him from his neighbor. These separate events do not belong in one lawsuit together. *See* Federal Rule of Civil Procedure 20 ("Permissive Joinder of Parties"). Ordinarily I would direct a plaintiff to file an amended complaint that complies with Rule 20 or inquire whether he wished to bring two separate lawsuits for the two sets of claims. But I will not do so here because even if separated both sets of allegations fail to state a claim that can be heard in this court.

Stewart doesn't articulate how Arndt's filing of false documents in state court violates federal law other than to invoke various criminal statutes. But those criminal statutes do not create a private cause of action for a civil case, and he doesn't otherwise state a plausible claim for relief under any other federal-law theory. Stewart might have claims under state law, but without a federal claim, this court cannot consider a case involving purely state-law claims given that Stewart alleges that both he and defendants are Wisconsin citizens.

As for Stewart's claims against police officers for failing to protect him from his neighbor, the Constitution generally does not impose a duty on government officials, including police officers, to protect citizens from private harms. *DeShaney v. County of Winnebago*, 489 U.S. 189, 196 (1989); *Rossi v. City of Chicago*, 790 F.3d 729, 735 (7th Cir. 2015).

The court of appeals has cautioned against dismissing a pro se plaintiff's case without giving the plaintiff a chance to amend the complaint. *Felton v. City of Chicago*, 827 F.3d 632, 636 (7th Cir. 2016). But here, dismissal of the case is appropriate because I see no allegations suggesting that Stewart could amend his complaint to state a claim for relief in federal court.

One final point. Stewart names his minor son as a co-plaintiff. A parent cannot sue on behalf of a minor child unless the parent is represented by counsel. *See Elustra v. Mineo*, 595

F.3d 699, 705 (7th Cir. 2010) ("[A] non-attorney parent must be represented by counsel in bringing an action on behalf of his or her child.") (citation omitted). So even had I granted Stewart leave to proceed on any claims, I would have dismissed his son from the lawsuit.

ORDER

IT IS ORDERED that:

1. This case is DISMISSED.
2. Plaintiff's remaining motions are DENIED as moot.
3. The clerk of court is directed to enter judgment for defendants and close the case.

Entered April 30, 2024.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge